FRED W. POWERS, Trustee, Appellee, v. MAYTAG-MASON
MOTOR COMPANY, Appellant.

MORTGAGES: Foreclosure—Who May Purchase Trust Property. A bona-fide foreclosure sale of trust property, made in full compliance with the order of court, is not invalid, even though the property be sold for less than its value, because the purchaser is a corporation of which the trustee is an officer and stockholder.

*Appeal from Black Hawk District Court.*—CHAS. W.

MULLAN, Judge.

MARCH 12, 1918.

REHEARING DENIED MAY 17, 1918.

APPEAL from an order overruling a motion to set aside a receiver's sale. The facts are stated in the opinion.—*Affirmed.*

*John T. Sullivan* and *Mason & Dyer,* for appellant.

*Williams & Clark,* for appellee.

STEVENS, J.—The defendant, Mason Motor Company, formerly the Maytag-Mason Motor Company, is a corporation organized under the laws of Iowa for the manufacture and sale of automobiles, and having its principal place of business at Waterloo in this state. Prior to the time it changed its name, and on the 14th day of December, 1911, it executed bonds in the aggregate amount of $150,000, and, to secure the payment thereof, executed a trust deed upon certain real property in the city of Waterloo, its machinery, raw material, and other personal property, to the plaintiff herein, as trustee.

On the 6th day of October, 1913, plaintiff filed a petition in the office of the clerk of the district court of Black Hawk County, praying judgment on said bonds in the sum of $100,-000, and a decree foreclosing said trust deed. The defendant waived notice, entered its appearance, and admitted the allegations of plaintiff's petition; whereupon, the court entered an order appointing Ira J. Hoover receiver, with authority to take full and immediate possession of all of defendant's property, and to continue its business in such manner as he deemed for the best interest of defendant, its shareholders and creditors, and, by consent of the parties, was further authorized to borrow money and issue receiver's certificates in the sum of $5,000. The court further, in said order, directed the receiver to apply the amount borrowed and the net income derived from said business to the pay-

ment of certain specified indebtedness. On July 28, 1915, final judgment was entered against the defendant for the sum of $118,260 and costs, and the foreclosure of said trust deed was decreed. Hoover was continued as receiver.

The decree is somewhat lengthy, and contained many findings respecting the indebtedness of defendant, and directed the receiver to sell its property at public sale, after having first published notice of the time and place of said sale for four consecutive weeks in two newspapers published at Waterloo, said sale to take place upon the premises of defendant company. The decree further authorized the receiver to sell said property without appraisal, but at not less than $35,000. After due publication in the manner provided in said decree, on the 8th day of September, 1915, the receiver sold said property to the Black Hawk Improvement Company, a corporation doing business at Waterloo, for the sum of $35,000; and on the 17th day of September, said sale was duly approved by the court. No objections or exceptions, up to this time, were filed by the defendant or other appellants herein; but, on the 30th day of December, 1915, the defendant corporation moved the court to set aside the deed and the approval of the receiver's sale, on the ground that, while the purchaser at said sale was ostensibly the Black Hawk Improvement Company, the real purchaser was the plaintiff herein, and that, as trustee, he had no right to purchase said property at said sale.

Later, Edward R. Mason, who was president of defendant corporation, filed a motion in the office of the clerk of the district court of Black Hawk County, alleging, in substance, that he was personally held as accommodation endorser upon an $11,000 note of the defendant's, payable to the Black Hawk National Bank, the payment of which was further secured by a large amount of the first mortgage bonds of the defendant, which bonds were secured by the trust deed above referred to, and asking that said note be

paid out of the proceeds of the property of defendant. Later, defendant and Edward R. Mason amended the motions previously filed, alleging, in addition to the matters therein set forth, that Fred W. Powers, the plaintiff herein, was, at the time of the receiver's sale, a stockholder, secretary, and a member of the board of directors of the Black Hawk Improvement Company, and also a member of the board of directors, and president, of the Black Hawk National Bank, and largely interested in each of said corporations, and in the property purchased at said receiver's sale. On July 21, 1916, the Black Hawk Improvement Company filed a petition of intervention, alleging that the receiver's sale was conducted by one Ira J. Hoover, a wholly disinterested person; that it purchased said property in good faith, at public sale, with the knowledge and consent of the defendant corporation and of Edward R. and Fannie K. Mason and W. B. Wallis; that, notwithstanding the knowledge of said parties of the relation of the plaintiff to the Black Hawk Improvement Company, no exception was taken or objection made thereto until after the sale had been consummated and approved by the court.

Upon final hearing, the court overruled the motion of appellants herein, from which ruling this appeal was taken.

It is admitted by plaintiff that he sustained the relation to the Black Hawk Improvement Company and the Black Hawk National Bank claimed by appellant. He was examined as a witness by counsel for defendant, concerning his interest in the bank and the Improvement Company, and as to the part taken by him in the purchase of the property at the receiver's sale. It appears from this evidence that the Improvement Company raised at least a portion of the money to pay for the property purchased by selling a part thereof; that it purchased preferred claims against defendant at a discount, and otherwise financed the deal. Edward R. Mason testified that he did not, on the day of the sale,

know that plaintiff was a stockholder or otherwise interested in the affairs of the Black Hawk Improvement Company, but admitted that he was fully informed upon this point on the same day by one of plaintiff's attorneys, and that the Improvement Company would have to borrow the money to consummate the purchase.

Neither fraud nor collusion on the part of plaintiff or the receiver is alleged or claimed by appellants in the motions filed, or in argument in this court. It is, however, urged by counsel for appellant that plaintiff, as trustee, had no right to purchase the property at the receiver's sale, or to be interested in any way, directly or indirectly, therein; and that, while the negotiation for the purchase of said property was conducted in the name of the Black Hawk Improvement Company, plaintiff was the real party in interest and purchaser at said sale; and that said purchaser holds said property in trust for the benefit of the bondholders; and that the sale should be set aside, or such purchaser required to account to the bondholders for the reasonable value thereof. That a trustee may not purchase at a sale of trust property, is too well settled for discussion. He cannot be at the same time vendor and vendee, nor can he represent himself in opposite or conflicting interests. As vendor, he must sell as high as possible, and as purchaser, he would naturally buy as cheaply as possible.

If the evidence in this case revealed that the plaintiff was, in fact, the purchaser of said property, or that, by fraud or collusion with the receiver, using the Black Hawk Improvement Company as a pretense, he actually purchased said property for his own use and benefit, a different case might be presented for our decision. As the record appears in this court, the receiver, an officer of the court, was wholly disinterested, and acting under its specific direction and with its approval, and there is no suggestion of collusion on his part with the plaintiff or other officers of the Black Hawk

Improvement Company. The Improvement Company is a corporation, and, so far as the evidence shows, purchased the property in good faith in its own name, and became the owner thereof; and the only interest of plaintiff therein was as a shareholder and official. The sale was to the corporation; and, while it is possible that the property was purchased for less than it was worth, it was sold to the highest bidder, after full publicity had been given of the time and place of the sale. The legal principle urged by counsel for appellant is, as above stated, entirely sound; but the facts of this case do not warrant its application. The trial court that signed the order appointing a receiver, the final decree, and approved the receiver's report of sale, and directed him in the application of the proceeds thereof to the payment of the indebtedness of defendant, also overruled the motion in question.

We can reach no other conclusion herein than that the plaintiff did not purchase the property at the receiver's sale, but that same was purchased by the Black Hawk Improvement Company, a separate and distinct entity, to which plaintiff sustained only the relation of a shareholder and officer. The ruling of the lower court upon the motion was correct, and should be and is—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.